IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YARITZIANNE FIGUEROA COLLAZO<br><br>Plaintiff<br><br>v.<br><br>FERROVIAL CONSTRUCCIÓN PR, LLC; ULISES NAZARIO MONTALVÁN; AND MANUEL SÁNCHEZ PEREIRA<br><br>Defendant | CIVIL NO. _____<br><br>TRIAL BY JURY DEMANDED |

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

TO THE HONORABLE COURT:

Comes now plaintiff, Yaritzianne Figueroa Collazo, represented by her undersigned counsel and very respectfully ALLEGES AND PRAYS as follows:

1. This is a civil action for wrongful, illegal, and retaliatory termination of employment and interference of rights under federal and Puerto Rico law.

2. Plaintiff, Yaritzianne Figueroa Collazo ("Figueroa"), was terminated in her employment with Ferrovial Construcción PR, LLC ("Ferrovial") in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq; the Family Medical Leave Act ("FMLA"), 29 U.S.C.; 2611, et seq; the "Families First Coronavirus Response Act" ("FFCRA"); the "Emergency Family and Medical Leave Expansion Act"("EFMLEA"); and the "Emergency Paid Sick Leave Act" ("EPSLA"), including the anti-retaliation and interference of rights provisos of the mentioned federal legislation. Federal question jurisdiction is invoked in this action under the mentioned federal legislation as established by 28 U.S.C. 1331.

3. Also, this Court's supplementary jurisdiction is invoked to entertain Puerto Rico law claims for wrongful termination under the "Puerto Rico Unjust Dismissal Act", Law 80-1976, as amended, 29 Laws of P.R. Anno 185 a et seq ("Law 80") and for retaliatory termination under the "Puerto Rico Anti-Reprisal Act", Law 115-1991 as amended, 29 Laws of P.R. Anno 194 et seq ("Law 115").

4. An employer who commits prohibited acts under the EFMLA is subject to the enforcement provision set forth in Section 107 of the FMLA, 29 U.S.C. 2617. The covered employee may file private action to enforce the EFMLEA only if the employer is otherwise subject to the FMLA in the absence of the EFMLEA. The employer in this case is subject to the FMLA in the absence of the EFMLEA since it employs more than fifty (50) employees.

5. An employer who commits prohibited acts under the EPSLA is subject to the enforcement provisions set forth in Section 15 (a)(3) of the FLSA, 29 U.S.C. 215 and subject to the penalties set forth in Sections 16 and 17 of the FLSA, 29 U.S.C. 216 and 217).

6. Under the EFMLEA and the EPSLA a covered employer in the case of a private entity or individual is one that employs fewer than 500 employees. Ferrovial is an employer as defined and covered by this federal law, because it employs fewer than 500 employees. Also, a covered employer includes any person (in this case, as shall be later described in more details, Mr. Manuel Sánchez Pereira and Mr. Ulises Nazario Montalván) acting directly or indirectly in the interest of an employer in relation to an employee within the meaning of such phrase in Section 3 (d) of the FLSA, 29 U.S.C. 203 (d) and Section 101

(4)(A)(ii)(I) of the FMLA, 29 U.S.C. 2611 (4)(A)(ii)(I); 29 C.F.R. 825. 104d). This is the situation with the individuals sued in their individual capacity in this action.

7. The proper venue is in this Court because Defendants' conduct business in this District and the acts, conduct, and/or omissions giving rise to this claim took plain in the District of Puerto Rico.

8. Plaintiff, Yaritzianne Figueroa Collazo ("Figueroa"), started to work for co-defendant, Ferrovial Construction PR, LLC ("Ferrovial") on August 24th, 2018, as an Administrative Assistant. Her salary was $9.459 per hour, 80 hours bi-weekly = $756.72. Additionally, she worked in every bi-weekly pay period ten (10) additional hours of overtime at $14.189 per hour = $141.89, for a total salary of $898.61 bi-weekly. She was terminated on September 11th, 2020. She is an employee as defined by the federal and local legislation invoked in this action.

9. Defendants in this action are Ferrovial (priorly Ferrovial Agroman LLC), a limited liability corporative organized and authorized to do business in Puerto Rico by State Department of Puerto Rico; Mr. Manuel Sánchez Pereira ("Sánchez"), Financial Director of Ferrovial; and Ulises Nazario Montalvan ("Nazario"), Figueroa's direct supervisor. Both Sánchez and Nazario directly or indirectly acted in the interest of Ferrovial in relation to Figueroa and were directly involved in the adverse employment decisions, retaliatory and interference of rights conduct relevant in this action. All defendants are

considered an employer, and otherwise suable in their corporate or individual capacity as applicable under the federal legislation invoked in this action.

10. Figueroa is the mother with custody and *patria potestas* of a nine (9) year old child. Figueroa's son studies the Fourth Grade at the Virginia Vázquez Mendoza Public School in Cayey, Puerto Rico.

11. Due to the COVID-19 Pandemic the Virginia Vázquez Mendoza Public School established a remote schooling program from Monday through Thursday from 8:00 a.m. to 1:00 p.m. Due to her son's age Figueroa needs to be available at her home to assist in her son's schoolwork. Thus, Figueroa was entitled to a leave for caring for her son's schooling needs during and due to the COVID-19 Pandemic under the federal legislation invoked in this action, the FFCRA (that includes the EFMLEA and the ESPLA).

12. Figueroa needed and requested from Defendants the necessary time to viabilize her son's schooling needs. Nevertheless, Figueroa made all efforts to avoid depriving Defendants of her services while complying with her legal duties and obligations to her son's schooling needs.

13. Since the very beginning when Figueroa originally informed Defendants of her need to care for her son's schooling work she was faced with her employer's discomfort due to it. Also, after Figueroa made her petition her relationships with the Defendants turned cold and distant.

14. Ferrovial upon the enactment of the FFCRA (that includes the EFMLEA and the EPSLA) gave notice to Figueroa of her rights to leave to care for her

minor son whose school's program have been affected by the COVID-19 Pandemic.

15. Figueroa mindful of her rights to a leave under federal law to care for her son's schooling needs due to the COVID-19 Pandemic, took the initiative to address her employer about her situation. First she did it verbally and then very specifically on August 31st, 2020, she informed in writing to Nazario (who asked her to make her request in writing) her need for time to care for her son's schooling demands due to the COVID-19 Pandemic.

16. To said effect, Figueroa requested the following in order to have the necessary time to care for her minor son schooling's needs due to the COVID-19 Pandemic: to assist to her workplace and physically work there all day on Tuesdays and Fridays and to work remotely from her home on Monday, Wednesday, and Thursdays in the mornings (to care for her son's schooling needs) and physically report to her workplace on said days from 1:30 p.m. on.

17. Figueroa was aware of her entitlement for paid leave if unable to work (or work remotely) in her circumstances under FFCRA (that includes the EFMLEA and the EPSLA) because the employer had given her notice of her rights.

18. As mentioned, Defendants have previously informed Figueroa that the new federal legislation protected her and make it feasible for the employer to grant time to the mother of a minor son that needs time to care for her son schooling's needs due to interruptions to ordinary school programs due to the COVID-19 Pandemic.

19.     Figueroa, if denied authorization to work remotely part of her daily schedule to care for her son's schooling needs, then, legally had the alternative and all intentions to request time off via a paid leave covered by the FFCRA (that includes the EFMLA and the EPSLA) to attend her son's schooling needs due to the COVID-19 Pandemic.

20.     At all relevant times, Figueroa had informed Defendants of her situation: i.e. her son's schooling needs and her need for time to care for her son.

21.     Figueroa's request for the needed time to care for her son's schooling needs was granted by Defendants by allowing her to work part of her daily schedule remotely for three (3) days a week.

22.     Figueroa worked under her new program just a few days before being terminated as follows:

> Wednesday September 2nd, 2020
>
> - Remotely in the morning (8:30 a.m. – 12:30 p.m.)
> - From 1:30 p.m. to 6:30 p.m., reported to work at her workplace.
>
> Thursday September 3rd, 2020
>
> - Remotely in the morning (8:30 a.m. – 12:30 p.m.)
> - From 1:30 p.m. to 6:30 p.m., reported to work at her workplace.
>
> Friday September 4th, 2020
>
> - All day physically in her workplace.

> Monday September 7th, 2020
>
> - Holiday
>
> Tuesday September 8th, 2020
>
> - All day physically in her workplace.
>
> Wednesday September 9th, 2020 and Thursday September 10th, 2020
>
> - Remotely in the morning (8:30 a.m. to 12:30 p.m.)
> - From 1:30 p.m. to 6:30 p.m. (on September 9th) and 6:00 p.m. (on September 10th), reported to work to her workplace.

23. On September 11th, 2020 Figueroa was terminated in her employment. This termination was not for cause. Neither Figueroa was given the grounds for her termination nor she was aware of any circumstance justifying her termination. The immediate temporal proximity from Figueroa's request for benefits under federal and local law creates and inference that her termination was illegal and for prohibited grounds and directly related to having availed herself and invoked the protection of legally afforded rights for a to mother to care for her minor son's schooling needs during the COVID-19 Pandemic.

24. Said inference is strengthen by the fact that Figueroa always performed well and never received any disciplinary measures and because the continued needs for her services was present at the time and after her termination.

25. Additionally, said inference is strengthen by the fact that Defendants met with discomfort Figueroa's request for time to care for her son's schooling needs due to the COVID-19 Pandemic and the fact that after her request to that effect

relations with Defendants turned cold and distant. Thus, Defendants showed an adverse animus to Figueroa's protected activity of requesting time to care for his son's schooling needs due and during the COVID-19 Pandemic.

26.  Figueroa was the Administrative Assistant with more seniority. There were two (2) additional Administrative Assistants. As a matter of fact, another of the Administrative Assistants was pregnant and soon to go on maternity leave, making Figueroa's services even more necessary and her termination of employment questionable. The other Administrative Assistant is a male employee that was recruited on August 3rd, 2020 (about a month prior to Figueroa's termination). Figueroa trained this new Administrative Assistant. The other two (2) Administrative Assistant remained is their positions after Figueroa's termination.

27.  Under Puerto Rico Law 80 any reduction in force due to economic issues or reorganization need to follow an order of retention requiring that dismissals are to be done following seniority, with the more senior employees having preference to be retained as long as the services provided were required and necessary.

28.  Figueroa's termination of employment ended the accommodation for remote work that allowed her the time needed to care for her son's schooling needs due to the COVID-19 Pandemic. Absent the accommodation to work remotely, Figueroa had the alternative and all intentions to request the federally protected leave under the FFCRA that (includes the EFMLEA and the EPSLA) to deal with her son's schooling needs.

29. Defendants' adverse employment actions against Figueroa violated the federal and local legislation invoked in this action. Also, these adverse employment actions are an interference with Figueroa's protected federal and local rights. Lastly, these adverse employment actions were in retaliation for Figueroa having engaged in protected activity under federal and local laws and availed herself to the protections of said laws.

30. Figueroa suffered actual damages due to Defendants' conduct, included but no limited, to loss of income and benefits, compensatory damages for mental pain and anguishes. Figueroa has needed the services of a psychologist to care of her emotional health. Figueroa is a single mother and only provider in her household.

31. Wherefore, Figueroa requests in this action the following remedies:

   A) Trial by Jury is demanded.

   B) That all loss of income, back pay, and employment benefits be compensated. Back pay to be calculated at a salary rate of $898.61 bi-weekly, plus any increment for overtime work.

   C) Figueroa suffered mental pain, suffering and anguishes as a result of Defendants' action, thus, it is requested that compensatory damages for mental pain and anguish suffered stemming from Figueroa's termination be awarded in a sum of no less than $1,000,000.00.

   D) That liquidated damages under federal law be taxed.

   E) That double damages under Puerto Rico law be taxed.

F) That punitive damages under federal law be awarded.

G) That reinstatement to employment be granted, if not practicable, then front pay in lieu of reinstatement.

H) Taxing of cost litigation expenses, attorney's fee and pre and post judgment interests.

I) That the Court enter any appropriate declaratory and injunctive relief to vindicate Figueroa's rights under federal and local law.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this, 4th of November of 2020.

S/: ENRIQUE J. MENDOZA-MENDEZ
ENRIQUE J. MENDOZA MÉNDEZ
USDC-PR 202804

**MENDOZA LAW OFFICES**
P.O. Box 9282
San Juan, P.R. 00908-0282
Tel. (787) 722-5522; 5530; 5540
Fax. (787) 723-7057
E-mail: mendozalo@yahoo.com